338

Standard Oil Company
vs. } No. 43848
Richmond B. Bullock

DECISION

May 10, 1919

DORAN, J. The cases cited by the plaintiff are concerned with a circumstances not closely analogous to those in the present case, but they do support the position that the effect of Sections 2 and 4 of the Clayton Act is not to release a purchaser against whom a discriminatory price has been charged from all obligation to pay any price. The act provides a remedy or penalty for its violation. Section 4, as applied to the offence of discriminatory charges, strongly implies that the injured purchaser shall have paid the charge before seeking the remedy provided. The most likely injury to a person "in his business or property by reason of" overcharges is the payment of the overcharge or the consequences of such payment. Unequal prices are forbidden, not the sale of gasoline. Defendant appears to claim that this case is parallel to Continental Wall Paper Co. v. Voight Co., 212 U. S 327. part of the headnote reads, "While a voluntary purchaser of goods at stipulated prices under a collateral independent contract cannot avoid payment merely on the ground that the vendor was an illegal combination, a vendee of goods purchased from an illegal combination IN PURSUANCE OF AN ILLEGAL AGREEMENT can plead such illegality as a defence." The illegal agreement here referred to was not the mere agreement to pay the prices charged for the goods concerned in that suit, but an agreement by the defendant Voight Co. and other jobbers, briefly, to buy of no one but the trust and to sell only at dictated prices. A bare majority of the Supreme Court held that judgment for the price of goods sold under such circumstances could not be rendered without aiding an illegal enterprise. Defendant in the case on trial has made no agreement

unless to pay the stipulated price or some price for what he has received.

Demurrer to plea sustained.

For plaintiff: Francis I. McCanna and Lee Boss & McCanna.

For defendant: Harvey A. Baker.